# In the United States Court of Federal Claims

## OFFICE OF SPECIAL MASTERS
### No. 15-951V
### Filed: February 18, 2016
Unpublished

* * * * * * * * * * * * * * * * * * * * * * * * * * * *

| | | |
|---|---|---|
| BARBARA LYKINS, | * | |
| | * | |
| Petitioner, | * | Damages Decision Based on Proffer; |
| | * | Influenza ("Flu") Vaccination; Shoulder |
| | * | Injury Related to Vaccine Administration |
| SECRETARY OF HEALTH | * | ("SIRVA"); Attorneys' Fees and Costs; |
| AND HUMAN SERVICES, | * | Special Processing Unit ("SPU") |
| | * | |
| Respondent. | * | |
| | * | |

* * * * * * * * * * * * * * * * * * * * * * * * * * * *

*Mark Paul Schloegel, Popham Law Firm, Kansas City, MO, for petitioner.*
*Justine Elizabeth Walters, U.S. Department of Justice, Washington, DC, for respondent.*

## DECISION AWARDING DAMAGES AND ATTORNEYS' FEES AND COSTS[1]

**Dorsey**, Chief Special Master:

On August 31, 2015, petitioner filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*,[2] [the "Vaccine Act" or "Program"]. Petitioner alleges that she suffered a shoulder injury related to vaccine administration ["SIRVA"] as a result of her October 9, 2012 influenza ["flu"] vaccination. Petition at 1. The case was assigned to the Special Processing Unit of the Office of Special Masters.

On December 21, 2015, a ruling on entitlement was issued, finding petitioner entitled to compensation for her SIRVA. On February 16, 2016, respondent filed a Proffer on Award of Compensation ["Proffer"] indicating petitioner should be awarded $120,000.00 in damages for actual and projected pain and suffering, and $1,159.89 in damages for past unreimbursable expenses. Proffer at 2. In the Proffer, respondent represented that petitioner agrees with the proffered award. Based on the record as a

---

[1] Because this unpublished decision contains a reasoned explanation for the action in this case, the undersigned intends to post it on the United States Court of Federal Claims' website, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012)(Federal Management and Promotion of Electronic Government Services). In accordance with Vaccine Rule 18(b), petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, the undersigned agrees that the identified material fits within this definition, the undersigned will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all "§" references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

whole, the undersigned finds that petitioner is entitled to an award as stated in the Proffer.

Respondent further proffered that petitioner shoulder be awarded $13,295.13 for attorneys' fees and costs.  Proffer at 3.  In accordance with General Order #9, the Proffer indicates that petitioner represents that she incurred no out-of-pocket expenses. The Proffer further indicates that petitioner agrees with the proffered award. The Vaccine Act permits an award of reasonable attorneys' fees and costs.  42 U.S.C. § 300 aa-15(e).  Based on the reasonableness of petitioner's request and the lack of any objection by respondent, the undersigned **<u>GRANTS</u>** the request for approval and payment of attorneys' fees and costs.

Pursuant to the terms stated in the attached Proffer, **the undersigned awards**

A.  **A lump sum payment of $121,159.89 which represents compensation for actual and projected pain and suffering ($120,000.00) and past unreimbursable expenses ($1,159.89), in the form of a check payable to petitioner, Barbara Lykins.  This amount represents compensation for all damages that would be available under § 300aa-15(a).**

B.  **A lump sum payment of $13,295.13[3] in the form of a check jointly payable to petitioner and petitioner's counsel, Mark Schloegel, Esq., for attorneys' fees and costs.**

The clerk of the court is directed to enter judgment in accordance with this decision.[4]

**IT IS SO ORDERED.**

<u>s/Nora Beth Dorsey</u>
Nora Beth Dorsey
Chief Special Master

---

[3] This amount is intended to cover all legal expenses incurred in this matter.  This award encompasses all charges by the attorney against a client, "advanced costs" as well as fees for legal services rendered. Furthermore, 42 U.S.C. § 300aa-15(e)(3) prevents an attorney from charging or collecting fees (including costs) that would be in addition to the amount awarded herein.  *See generally Beck v. Sec'y, HHS*, 924 F.2d 1029 (Fed. Cir.1991).

[4] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by the parties' joint filing of notice renouncing the right to seek review.

IN THE UNITED STATES COURT OF FEDERAL CLAIMS

OFFICE OF SPECIAL MASTERS

_____
                                                    )
BARBARA LYKINS,                                     )
                                                    )
                    Petitioner,                     )
                                                    )
v.                                                  )          No. 15-951V
                                                    )          Chief Special Master Dorsey
                                                    )          ECF
SECRETARY OF HEALTH AND                             )          SPU
HUMAN SERVICES,                                     )
                                                    )
                    Respondent.                     )
_____)

## RESPONDENT'S PROFFER ON AWARD OF COMPENSATION

On August 31, 2015, petitioner, Barbara Lykins, filed a petition for compensation under

the National Childhood Vaccine Injury Act, 42 U.S.C. §§ 300aa-1 to -34 ("Vaccine Act"),

alleging that she suffered from a shoulder injury related to vaccine administration ("SIRVA") as

a result of receiving a seasonal influenza ("flu") vaccine on October 8, 2012.  On December 18,

2015, respondent filed her Rule 4(c) Report stating that petitioner's arm injury is consistent with

SIRVA and conceding that her SIRVA is compensable under the Vaccine Act.  Accordingly, on

December 21, 2015, Chief Special Master Dorsey issued a Ruling on Entitlement finding that

petitioner is entitled to compensation for SIRVA.

## I.      Items of Compensation

For the  purposes of this proffer, the term "vaccine-related" is as described in

Respondent's Rule 4(c) Report filed on December 18, 2015.

### A.      Future Unreimbursable Expenses

The parties agree that based upon the evidence of record, petitioner will not require future

care for her vaccine-related injury.  Therefore, respondent proffers that petitioner should be

awarded no future unreimbursable expenses under 42 U.S.C. § 300aa-15(a)(1).

Petitioner agrees.

B.      Lost Earnings

The parties agree that based upon the evidence of record, petitioner has not incurred and

will not incur any loss of earnings as a result of her vaccine injury.  Therefore, respondent

proffers that petitioner should be awarded no actual or anticipated loss of earnings under

42 U.S.C. § 300aa-15(a)(3)(A).  Petitioner agrees.

C.      Pain and Suffering

Respondent proffers that petitioner should be awarded $120,000.00 in actual and

projected pain and suffering.  This amount reflects that the award for projected pain and

suffering has been reduced to net present value.  *See* 42 U.S.C. § 300aa-15(a)(4).  Petitioner

agrees.

D.      Past Unreimbursable Expenses

Evidence supplied by petitioner documents her expenditure of past unreimbursable

expenses related to her vaccine-related injury.  Respondent proffers that petitioner should be

awarded past unreimbursable expenses in the amount of $1,159.89.  Petitioner agrees.

E.      Medicaid Lien

Petitioner represents that there are no outstanding Medicaid liens against her.

F.      Attorneys' Fees and Costs

Petitioner has supplied documentation of reasonable attorneys' fees and litigation costs in

the amount of $13,295.13, incurred by petitioner's counsel in pursuit of this petition.  In

compliance with General Order #9, petitioner has indicated that  she did not incur any out-of-

pocket expenses in proceeding on the petition.  Respondent proffers that petitioner should be awarded $13,295.13 for attorneys' fees and costs.    Petitioner agrees.

## II.    Form of the Award

The parties recommend that compensation provided to petitioner should be made through lump sum payments as described below  and request that the Chief Special Master's decision and the Court's judgment award the following:[1]

A.    A lump sum payment of $121,159.89, representing compensation for pain and suffering and past unreimbursable expenses, in the form of a check payable to petitioner; and

B.    A lump sum payment of $13,295.13 in the form of a check payable to petitioner and petitioner's attorney, Mark Schloegel, Esq., for attorneys' fees and costs.  Petitioner agrees to endorse this payment to petitioner's attorney.

## III.    Summary of Recommended Payments Following Judgment

A.    Lump sum paid to petitioner:                **$121,159.89**

B.    Reasonable Attorneys' Fees and Costs:          **$13,295.13**

Respectfully submitted,

BENJAMIN C. MIZER
Principal Deputy Assistant Attorney General

RUPA BHATTACHARYYA
Director
Torts Branch, Civil Division

VINCENT J. MATANOSKI
Deputy Director
Torts Branch, Civil Division

---

[1] Should petitioner die prior to entry of judgment, the parties reserve the right to move the Court for appropriate relief.  In particular, respondent would oppose any award for future medical expenses, future lost earnings, and future pain and suffering.

MICHAEL P. MILMOE
Senior Trial Counsel
Torts Branch, Civil Division

 s/ Justine Walters          
JUSTINE WALTERS
Trial Attorney
Torts Branch, Civil Division
U.S. Department of Justice
P.O. Box 146, Benjamin Franklin Station
Washington, D.C. 20044-0146
Tel: (202) 307-6393

DATE: February 16, 2016